UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| SHAWN MCGAVOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:24-cv-00001-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ZIPS DIXIE HWY, LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Zips Car Wash, LLC's Motion for Partial Summary Judgment. [R. 16.] The Defendants seek summary judgment on Plaintiff Shawn McGavock's claims arising from the Americans with Disabilities Act ("ADA") and the Kentucky Building Code. *Id*. The briefing period has concluded, and the matter is now ripe for review. Because this court lacks subject matter jurisdiction over the instant controversy, this case will be **REMANDED** to Kentucky state court and the Defendant's motion will be **DENIED AS MOOT**.

I

In September 2023, Plaintiff Shawn McGavock initially brought this action in Franklin Circuit Court alleging negligence on the part of the Defendants. [R. 1-1.] Ms. McGavock was injured in September 2022 when she tripped and fell at a Zips Car Wash. [R. 19 at 2.] She contends that this injury was a result of the Defendants' failure to properly mark a handicapped curb, resulting in the curb blending in dangerously with its surroundings. *Id*. In her Amended Complaint, Ms. McGavock makes a run of the mill negligence claim. [R. 1-1 at 15-16.]

However, and now at issue in this litigation, Ms. McGavock's Complaint also made reference to the ADA. *Id*. at 16. She seeks punitive damages and contends that "Defendants are strictly liability [sic] to the Plaintiff and Defendants are subject to an award of punitive damages under the authority of the ADA." *Id*. To the Court it appears that Ms. McGavock is essentially making a negligence per se claim. Her Response to the Defendants' Motion for Summary Judgment repeatedly emphasizes the Defendants' "obligations" under the ADA and Defendants' "duty" to properly mark handicapped spots.[1] [R. 19 at 6-7.]

It is because of Ms. McGavock's references to the ADA that Defendants initially filed for removal of this action, citing the Court's federal question jurisdiction under 28 U.S.C. §1331. [R. 1.] In their Motion for Summary Judgment, Defendants now argue that Ms. McGavock's claims under the ADA must be dismissed. [R. 16.] They note that she is not now, nor has she ever been, determined to be disabled in any way. [R. 16 at 2-3.] They also contend that Ms. McGavock has not satisfied the requirements of Federal Rule of Civil Procedure 8 after *Twombly*/*Iqbal* in pleading her ADA claims. *Id*. at 4-5. Finally, they suggest that Ms. McGavock cannot bootstrap an ordinary negligence claim into an ADA claim. [R. 21 at 3-4.]

## II

Unlike many state courts, Federal district courts are courts of limited jurisdiction, possessed of "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under 28 U.S.C. § 1331, district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." Removal of an action from

---

[1] In their Motion for Summary Judgment, Defendants contend that Ms. McGavock cannot make out an ADA discrimination claim, for multiple reasons. [R. 16 at 4-8.] In Ms. McGavock's Response she states "[n]o where does the complaint state that Plaintiff alleges she is a victim of discrimination…[t]herefore, there is no basis to award summary judgment to a Defendant where none of the claims that the Defendant is attempting to dismiss were actually alleged." This further suggests that Ms. McGavock is not directly making a claim under the ADA.

2

state court to federal court is proper when the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). The removal statute should be "strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). While Ms. McGavock has not brought a motion to remand, it is well settled that this Court has an independent duty to assess subject matter jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006).

For federal questions, as Defendants assert is the case here, the well-pleaded complaint rule directs courts to examine the "[w]ell pleaded allegations of the complaint and ignore potential defenses" in determining whether a claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The well-pleaded complaint rule presents two paths to federal court: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate "significant federal issues." *Eastman*, 438 F.3d at 550; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

The first path is unavailing to the defendants here. Title III of the ADA is the only title under which Ms. McGavock could bring an ADA claim, as Title I applies in employment cases and Title II applies when the defendant is a state or local government. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Here Ms. McGavock is bringing claims against a public accommodation, which are covered by Title III. *Id*. It is well settled that Title III does not provide a private cause of action for monetary damages. *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 167 F. 3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money

3

damages.)  Additionally, Ms. McGavock is not a disabled individual, as required by the ADA, and specifically avers that she is not bringing an ADA claim.  [R. 16 at 2-3; R. 19 at 7.]  This leaves path number two.

Termed "the substantial-federal-question doctrine," the Supreme Court has found that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Merrell Dow Pharms.*, 478 U.S. at 808-09 (quoting *Franchise Tax Bd.*, 463 U.S. at 9).  However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Id.* at 813.  The substantial-federal-question doctrine confers jurisdiction only if the following elements are met: (1) the state-law claim necessarily raises a disputed federal issue; (2) the federal interest in the issue is substantial; and (3) the exercise of jurisdiction does not disturb any congressionally approved balance of federal and state judicial responsibilities.  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (citing *Grable & Sons*, 545 U.S. at 313).  The Sixth Circuit considers four factors to determine whether a federal issue is substantial:

> (1) whether the case includes a federal agency, and particularly, whether the agency's compliance with the federal stature is in dispute; (2) whether the federal question is important (i.e. not trivial); (3) whether a decision on the federal question will resolve the case (i.e. the federal question is not merely incidental to the outcome); and (4) whether a decision on the federal question will control many other cases (i.e. the issue is not anomalous or isolated).

*Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1015 (6th Cir. 2018) (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007).

This second path is equally unavailing.  Examining the first element, it is not clear that Ms. McGavock's negligence per se theory raises a disputed federal issue.  The doctrine of negligence per se essentially allows a plaintiff to substitute the general standard of care with a statutory standard of care.  *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001).  Ms.

4

McGavock's only reference to the ADA appears to be predicated on such a theory and, as explained above, neither she nor the injuries she alleges fall within the ambit of the ADA. Even if a disputed federal issue were raised, the federal interest in it would not be substantial. None of the factors identified in *Estate of Cornell* point towards jurisdiction. No federal entity is involved, the federal question involved is both erroneous and tangential, the federal question involved will not resolve the case, and the federal question involved will have little to no bearing on later cases.

In *Merrell Dow*, the Supreme Court held that a complaint "alleging violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws or treaties of the United States.'" *Merrell Dow Pharms.*, 478 U.S. at 817. While the ADA, unlike the statute at issue in *Merrell Dow*, does provide for a private right of action it does not provide for the recovery of damages. Numerous courts have applied this reasoning to remand claims similar to Ms. McGavock's. *Briggs v. LSM Properties of Kentucky, LLC*, 2017 WL 1399643 (W.D. Ky. Apr. 18, 2017); *Wagner v. Regent Investments, Inc.*, 903 F. Supp. 966 (E.D. Va. 1995); *Coil v. Recovery Mgmt., Corp.*, 2005 WL 1182366 (W.D. Mo. May 16, 2005) (granting motion to remand negligence and negligence per se claims based on alleged ADA violations); *Struffolino v. McCoy*, 2005 WL 1654045 (D.N.H. July 14, 2005); *McWeeney v. Mo. Historical Soc'y*, 2007 WL 3311429 (E.D. Mo. Nov. 5, 2007) (collecting cases and noting the only circuits to have examined this issue—the Eleventh and Ninth—found federal question jurisdiction lacking). The Court finds those cases persuasive here. If passing, erroneous references to federal statutes were sufficient to establish federal jurisdiction, then the phrase "courts of limited jurisdiction" would not even be worth the time it takes to say.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Partial Summary Judgment [R. 16] is **DENIED AS MOOT**;

2. This matter is **REMANDED** to Franklin Circuit Court; and

3. This matter shall be **STRICKEN** from the Court's active docket.

This the 19th day of December 2024.

Gregory F. Van Tatenhove
United States District Judge